## PETRINOVIC v. AMERICAN SURETY CO. OF NEW YORK.

District Court, S. D. New York.
March 7, 1944.

Kirlin, Campbell, Hickox, Keating & Mc-Grann, of New York City (Charles R. Hickox and Ruth M. McElveney, both of New York City, of counsel), for plaintiff.

Allan C. Rowe and James B. May, both of New York City, for defendant.

CONGER, District Judge.

This is an action at law to recover $7,500 deposited with defendant to secure defendant on a bond executed by it as surety.

The case was tried to the court without a jury.

On or about November 20, 1939 an application was made to defendant for a surety bond. The application was signed by Captain Ant. Babarovic by the plaintiff as attorney in fact.

To secure itself defendant required a deposit of $7,500. The check of Simpson, Spence & Young (ship brokers) for said sum was given to defendant to fulfill this condition. This check accompanied the application.

The bond was executed and delivered by defendant on or about November 20, 1939. It was executed by Captain Ant. Babarovic (by the same attorney in fact) as principal and by defendant.

The bond recited that the United States Maritime Commission had approved the sale of the vessel "Chincha", then documented under the laws of the United States to Captain Ant. Babarovic; that it had also approved the transfer of registry and flag of said vessel to Yugoslavian registry and flag; that the bond was given to secure the performance by the principal (Capt. Ant. Babarovic) of certain terms and conditions incidental to the purchase and change of registry and flag of said vessel.

The receipt for the $7,500 given by the defendant, reads in part as follows:

"Received from Capt. Anton Babarovic of Susak, Yugoslavia, as owner —— $7500. ——

"The following collateral, viz:"

The approval notice and agreement of the United States Maritime Commission approved the sale of the vessel to Capt. Ant. Babarovic.

This approval notice and agreement was signed by the United States Maritime Commission and Captain Ant. Babarovic (by the same attorney in fact).

There was offered in evidence a power of attorney dated November 2, 1939. By this power of attorney Capt. Ant. Babarovic appointed Frano Petrinovic (plaintiff) his attorney among other things to purchase the vessel on behalf of him (Capt. Ant. Babarovic) and to execute for him and on his behalf (Capt. Ant. Babarovic) any bond required in connection with the transfer of said vessel "Chincha".

All of the papers before me in connection with the sale of said vessel and the issuing of the said bond assert Capt. Ant. Babarovic to be the purchaser of the vessel and the person for and on whose behalf the bond was issued.

On or about January 5, 1943, the purposes for which the bond was given no longer existed and on or about said date the bond was cancelled. Defendant had not incurred any liability with respect to said bond.

Subsequently plaintiff made demand for the return of the $7,500 either to him or to Simpson, Spence & Young.

Defendant refused to comply with this demand. Plaintiff, therefore, has brought this action and asks for judgment against the defendant in the sum of $7,500, with interest and costs. By its answer defendant says it has refused to pay this money to plaintiff not because it has any claim to the moneys but because (a) plaintiff does

not produce any authorization from Babarovic to collect it; (b) that plaintiff's claim of superior title to the fund cannot be adjudicated in a suit to which Babarovic is not a party so as to afford protection to defendant against any future claims or actions by Babarovic.

Plaintiff's contention is that he put up this $7,500; that it was his money; that he paid the premium on the bond with his money; that these funds were supplied by him to Simpson, Spence & Young who handled the details for him; and who gave the check of $7,500 to defendant; that the plaintiff was the purchaser of the vessel; that he furnished the purchase price for the same with his own money; that Capt. Ant. Babarovic had no interest in the purchase of the vessel and supplied no money in connection with either the purchase of the vessel or the issuance of the bond; that title to the vessel was taken in the name of Capt. Ant. Babarovic solely because he was a National of Yugoslavia and living there.

In this connection plaintiff was corroborated by representatives of Simpson, Spence & Young and by one Marchessini. The latter was sent by plaintiff to inspect the vessel before plaintiff purchased it.

Plaintiff's proof supports his contention. I am satisfied from the evidence that plaintiff was the real purchaser of the vessel and that it was his money that was deposited with Simpson, Spence & Young to be turned over to defendant as security for the bond.

There was only one contested fact raised at the trial. I resolve that in favor of plaintiff. That issue of fact is whether or not, as plaintiff claimed and defendant disputed, plaintiff was introduced to defendant's representative as the real purchaser of the vessel and the person interested in obtaining the bond and that the vessel was put in the name of Capt. Ant. Babarovic only because he was a National and resident of Yugoslavian registry and flag.

It should be noted at this point that the whereabouts of Capt. Babarovic is unknown. He is believed to be in Yugoslavia and perhaps a prisoner of Germany.

Captain Babarovic has never made claim to this fund.

The issue before me is whether or not plaintiff is the owner of this fund and entitled to its return. I find that he is. I am satisfied that I have the legal right to pass on this question in the absence of Captain Babarovic. Having so found there is nothing else for me to do but to determine this lawsuit in favor of the plaintiff.

I, therefore, deny defendant's motion to dismiss the complaint made at the end of plaintiff's case and at the end of the whole case and I grant judgment in favor of plaintiff against defendant in the sum of $7,500, with costs and interest from the date of the commencement of this action.